

**ORDERED in the Southern District of Florida on December 1, 2022.**

_____
**Robert A. Mark, Judge
United States Bankruptcy Court**
_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| In re: | CASE NO. 22-13672-RAM |
| | CHAPTER 13 |
| ENRIQUE MARTIN CASTRO, | |
| Debtor. | |

**ORDER OVERRULING CLAIM OBJECTION**

The Court conducted a hearing on November 8, 2022, on the Trustee's Objection to Claim #23 Filed by Yamila Solis and Adrian Ferrando (the "Claim Objection") [DE# 65]. The deadline for filing claims in this case was July 19, 2022 (the "Bar Date"). Claim #23, the claim at issue here, was filed by Yamila Solis, Adrian Ferrando, and J&C Investment Consulting LLC (collectively, the "Claimants") on July 28, 2022, nine days late. The late filing is the basis of the Claim Objection.

On July 12, 2022, prior to the Bar Date, Claimants filed a Motion for Relief from Automatic stay (the "Stay Relief Motion") [DE# 25]. In their response to the Claim Objection [DE# 68], Claimants argue that the Stay Relief Motion should be treated as an informal proof of claim and their proof of claim treated as an amended claim relating back to the filing date of the Stay Relief Motion. The Trustee's reply [DE# 76] argues that informal proofs of claim are not permitted in chapter 13 cases. The Trustee also argues that the other unsecured creditors are not on notice of Claimants' request to treat their Stay Relief Motion as an informal claim and that the other creditors' distribution under the Debtor's proposed plan will be significantly reduced if Claimants' claim is allowed.

After review of the record and applicable law, the Court finds that the Claim Objection should be overruled. Claimants' Stay Relief Motion satisfies the 11th Circuit standard for allowing a filing other than a proof of claim to be treated as an informal claim. *Charter Co. v. Dioxin Claimants (In re Charter Co.)*, 876 F.2d 861 (11th Cir. 1989) (finding that a motion for relief from the automatic stay constitutes an informal proof of claim and setting forth the standard for determining whether "actions by a claimant which do not amount to a formal proof of claim may constitute an informal proof of claim").

The Stay Relief Motion describes the nature and amount of the claim against the Debtor and includes a copy of the state court complaint. Moreover, the Stay Relief Motion makes clear that the Claimants intend to hold the Debtor liable for their claim. The Claimants argue stay relief is appropriate "to preserve Claimants' interests as creditors" [DE #25, p. 2]. These facts satisfy the two-part test established by the 11th Circuit, which is to first examine whether the motion apprises the court of the existence, nature, and amount of the claim, and second to examine whether the motion makes clear that the claimants intend to hold the debtor liable. *In re Charter Co.*, 876 F.2d at 864.

The Trustee cited no authority to support her argument that the informal claim doctrine is not applicable in chapter 13 cases, and courts have held that it does apply. *See*, *e.g., Davey v. Automobile Acceptance Corp. (In re Douglas)*, Case No. 19-51826-PMB, 2019 WL 6704974, at *3, n.6. (Bankr. N.D. Ga. Dec. 6, 2019) ("[T]he theory behind an informal proof of claim, that it is filed before the deadline such that the Court is not allowing a late claim but is only permitting the amendment of a timely one, applies equally in any Chapter.").

Therefore, it is –

**ORDERED** as follows:

1. The Claim Objection is overruled.

3

    2.   Claim #23 is allowed as an amended claim and deemed timely based on the pre-Bar Date filing of the Stay Relief Motion.

    3.   Claimants' counsel shall serve a copy of this Order on all creditors who filed unsecured claims, and the Court will review any timely filed motion for reconsideration of this Order on a *de novo* basis.

###

COPIES TO:

Nancy K. Neidich, Trustee
Joshua Saval, Esq. (Counsel for Claimants)
Gabriel Gonzalez, Esq. (Counsel for Debtor)

**(Attorney Saval is directed to serve all creditors who filed proofs of claim, directed to serve other interested parties and directed to file a Certificate of Service)**